# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC., BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC d/b/a MACMILLAN LEARNING, ELSEVIER INC., MCGRAW HILL LLC, and PEARSON EDUCATION, INC., <br><br>       Plaintiffs, <br><br>    v. <br><br> DOES 1 - 48 d/b/a ALLEBOOKSVITAL.COM, ANLIFESTYLES.COM, BLOGSHIRTS68.CLUB, BOOKDESKSHOP.COM, BOSSIVA.COM, DUPLANACA.COM, DURANBOOKS.COM, EBESTREADER.COM, EBOOK.ENGASTORE.COM, EBOOKCLOUDS.COM, EBOOKLISTTOP.COM, EBOOKSMARTLY.COM, EBOOKSNOW.ORG, EBOOKSPACES.COM, EBOOKSPOT.SHOP, EBOOKSROCKET.COM, ECOEBOOK.COM, EDUPLIFY.COM, EPERFECTEDU.COM, ESTORESELECT.COM, EVOMALLS.COM, FRIDAYCOLLECTION.MYSHOPIFY.COM, GOGOODDISCOUNT.COM, HLSHIRT.COM, HUNTERBUUK.COM, INTELLEGANTMARKETS.COM, IZIEBOOK.COM, JENLION.CO, JENWIND.CO, JOLOSTORE.COM, KA-SHOPP.MYSHOPIFY.COM, KIWIBOOKCLUB.MYSHOPIFY.COM, MAGIC.ENGASTORE.COM, NOAMALLS.COM, OSCARMALLS.COM, PAYVERSITYSTORE.MYSHOPIFY.COM, PRICEAIRSTORE.COM, RITZYISH.US, SHEELLAS.COM, SMART-EDU-STORE.MYSHOPIFY.COM, SOURCE4STUDENT.COM, STINGMALL.COM, STUDENTNCLASS.MYSHOPIFY.COM, STUDYHALLPRESS.COM, TEESPOPS.COM, TESTBANKKLICK.COM, TOPBOOKS.ZIPLOMA.COM, AND VALERIEHOPTOP.COM <br><br>       Defendants. | **Civil Action No.** <br><br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs Cengage Learning, Inc., Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning, Elsevier Inc., McGraw Hill LLC, and Pearson Education, Inc. (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby file their Complaint against Defendants Does 1 – 48 (collectively, "Defendants"), doing business as, respectively, allebooksvital.com, anlifestyles.com, blogshirts68.club, bookdeskshop.com, bossiva.com, duplanaca.com, duranbooks.com, ebestreader.com, ebook.engastore.com, ebookclouds.com, ebooklisttop.com, ebooksmartly.com, ebooksnow.org, ebookspaces.com, ebookspot.shop, ebooksrocket.com, ecoebook.com, eduplify.com, eperfectedu.com, estoreselect.com, evomalls.com, fridaycollection.myshopify.com, gogooddiscount.com, hlshirt.com, hunterbuuk.com, intellegantmarkets.com, iziebook.com, jenlion.co, jenwind.co, jolostore.com, ka-shopp.myshopify.com, kiwibookclub.myshopify.com, magic.engastore.com, noamalls.com, oscarmalls.com, payversitystore.myshopify.com, priceairstore.com, ritzyish.us, sheellas.com, smart-edu-store.myshopify.com, source4student.com, stingmall.com, studentnclass.myshopify.com, studyhallpress.com, teespops.com, testbankklick.com, topbooks.ziploma.com, and valeriehoptop.com (the "Infringing Sites" or "Sites"). Plaintiffs allege as follows on personal knowledge as to matters relating to themselves and on information and belief as to all other matters.

## NATURE OF THE CASE

1.      Plaintiffs are providers of higher-education textbooks and tailored learning solutions in the United States. In the academic marketplace, Plaintiffs serve secondary, post-secondary, and graduate-level students, teachers, and learning institutions providing quality content and assessment material in physical, digital, and multi-media formats.

2.      Hiding behind the anonymity of the internet, Defendants operate wholly illegal

online bookstores selling electronic, pirated copies of Plaintiffs' copyrighted textbooks ("Infringing eBooks") to consumers in the United States.

3.      Defendants rely on Google advertising services to offer consumers searching for Plaintiffs' textbooks inexpensive and illegitimate copies of those textbooks. Defendants' paid advertisements for their Infringing eBooks are displayed prominently on Google search results and lure consumers away from legitimate sources of textbooks.

4.      Defendants' infringing activity steals the fruits of Plaintiffs' and their authors' creative efforts and monetary investments. Accordingly, Plaintiffs bring this suit for injunctive relief and damages to put an end to Defendants' knowing and willful copyright infringement.

## PARTIES

### The Plaintiff Publishers

5.      Plaintiff Cengage Learning Inc., formerly Thomson Learning Inc., ("Cengage") is a Delaware corporation, with its principal place of business 200 Pier Four Boulevard, Boston, Massachusetts 02210, as well as an office located in New York.

6.      Plaintiff Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning ("Macmillan Learning") is a New York limited liability company with its principal place of business at One New York Plaza, New York, New York 10004, and is wholly owned by Macmillan Holdings, LLC, also a New York limited liability company.

7.      Plaintiff Elsevier Inc. ("Elsevier") is a Delaware corporation, with its principal place of business at 230 Park Avenue, Suite 800, New York, NY 10169.

8.      Plaintiff McGraw Hill LLC ("McGraw Hill") is a Delaware limited liability company, with its principal place of business at 1325 Avenue of the Americas, 12th Floor, New York, New York 10019.

9. Plaintiff Pearson Education, Inc. ("Pearson") is a Delaware corporation, with its principal place of business at 221 River Street, Hoboken, New Jersey 07030, as well as an office located in New York.

## The Defendants

10. Defendant Doe 1 is a merchant offering for sale and selling infringing textbooks through its Infringing Site allebooksvital.com. The identity and location of Doe 1 are unknown to Plaintiffs.

11. Defendant Doe 2 is a merchant offering for sale and selling infringing textbooks through its Infringing Site anlifestyles.com. The identity and location of Doe 2 are unknown to Plaintiffs.

12. Defendant Doe 3 is a merchant offering for sale and selling infringing textbooks through its Infringing Site blogshirts68.club. The identity and location of Doe 3 are unknown to Plaintiffs.

13. Defendant Doe 4 is a merchant offering for sale and selling infringing textbooks through its Infringing Site bookdeskshop.com. The identity and location of Doe 4 are unknown to Plaintiffs.

14. Defendant Doe 5 is a merchant offering for sale and selling infringing textbooks through its Infringing Site bossiva.com. The identity and location of Doe 5 are unknown to Plaintiffs.

15. Defendant Doe 6 is a merchant offering for sale and selling infringing textbooks through its Infringing Site duplanaca.com. The identity and location of Doe 6 are unknown to Plaintiffs.

16. Defendant Doe 7 is a merchant offering for sale and selling infringing textbooks

through its Infringing Site duranbooks.com.  The identity and location of Doe 7 are unknown to Plaintiffs.

17.     Defendant Doe 8 is a merchant offering for sale and selling infringing textbooks through its Infringing Site ebestreader.com.  The identity and location of Doe 8 are unknown to Plaintiffs.

18.     Defendant Doe 9 is a merchant offering for sale and selling infringing textbooks through its Infringing Site ebook.engastore.com.  The identity and location of Doe 9 are unknown to Plaintiffs.

19.     Defendant Doe 10 is a merchant offering for sale and selling infringing textbooks through its Infringing Site ebookclouds.com.  The identity and location of Doe 10 are unknown to Plaintiffs.

20.     Defendant Doe 11 is a merchant offering for sale and selling infringing textbooks through its Infringing Site ebooklisttop.com.  The identity and location of Doe 11 are unknown to Plaintiffs.

21.     Defendant Doe 12 is a merchant offering for sale and selling infringing textbooks through its Infringing Site ebooksmartly.com.  The identity and location of Doe 12 are unknown to Plaintiffs.

22.     Defendant Doe 13 is a merchant offering for sale and selling infringing textbooks through its Infringing Site ebooksnow.org.  The identity and location of Doe 13 are unknown to Plaintiffs.

23.     Defendant Doe 14 is a merchant offering for sale and selling infringing textbooks through its Infringing Site ebookspaces.com.  The identity and location of Doe 14 are unknown to Plaintiffs.

24.     Defendant Doe 15 is a merchant offering for sale and selling infringing textbooks through its Infringing Site ebookspot.shop.  The identity and location of Doe 15 are unknown to Plaintiffs.

25.     Defendant Doe 16 is a merchant offering for sale and selling infringing textbooks through its Infringing Site ebooksrocket.com.  The identity and location of Doe 16 are unknown to Plaintiffs.

26.     Defendant Doe 17 is a merchant offering for sale and selling infringing textbooks through its Infringing Site ecoebook.com.  The identity and location of Doe 17 are unknown to Plaintiffs.

27.     Defendant Doe 18 is a merchant offering for sale and selling infringing textbooks through its Infringing Site eduplify.com.  The identity and location of Doe 18 are unknown to Plaintiffs.

28.     Defendant Doe 19 is a merchant offering for sale and selling infringing textbooks through its Infringing Site eperfectedu.com.  The identity and location of Doe 19 are unknown to Plaintiffs.

29.     Defendant Doe 20 is a merchant offering for sale and selling infringing textbooks through its Infringing Site estoreselect.com.  The identity and location of Doe 20 are unknown to Plaintiffs.

30.     Defendant Doe 21 is a merchant offering for sale and selling infringing textbooks through its Infringing Site evomalls.com.  The identity and location of Doe 21 are unknown to Plaintiffs.

31.     Defendant Doe 22 is a merchant offering for sale and selling infringing textbooks through its Infringing Site fridaycollection.myshopify.com.  The identity and location of Doe 22

are unknown to Plaintiffs.

32.     Defendant Doe 23 is a merchant offering for sale and selling infringing textbooks through its Infringing Site gogooddiscount.com.  The identity and location of Doe 23 are unknown to Plaintiffs.

33.     Defendant Doe 24 is a merchant offering for sale and selling infringing textbooks through its Infringing Site hlshirt.com.  The identity and location of Doe 24 are unknown to Plaintiffs.

34.     Defendant Doe 25 is a merchant offering for sale and selling infringing textbooks through its Infringing Site hunterbuuk.com.  The identity and location of Doe 25 are unknown to Plaintiffs.

35.     Defendant Doe 26 is a merchant offering for sale and selling infringing textbooks through its Infringing Site intellegantmarkets.com.  The identity and location of Doe 26 are unknown to Plaintiffs.

36.     Defendant Doe 27 is a merchant offering for sale and selling infringing textbooks through its Infringing Site iziebook.com.  The identity and location of Doe 27 are unknown to Plaintiffs.

37.     Defendant Doe 28 is a merchant offering for sale and selling infringing textbooks through its Infringing Site jenlion.co.  The identity and location of Doe 28 are unknown to Plaintiffs.

38.     Defendant Doe 29 is a merchant offering for sale and selling infringing textbooks through its Infringing Site jenwind.co.  The identity and location of Doe 29 are unknown to Plaintiffs.

39.     Defendant Doe 30 is a merchant offering for sale and selling infringing textbooks

through its Infringing Site jolostore.com. The identity and location of Doe 30 are unknown to Plaintiffs.

40. Defendant Doe 31 is a merchant offering for sale and selling infringing textbooks through its Infringing Site ka-shopp.myshopify.com. The identity and location of Doe 31 are unknown to Plaintiffs.

41. Defendant Doe 32 is a merchant offering for sale and selling infringing textbooks through its Infringing Site kiwibookclub.myshopify.com. The identity and location of Doe 32 are unknown to Plaintiffs.

42. Defendant Doe 33 is a merchant offering for sale and selling infringing textbooks through its Infringing Site magic.engastore.com. The identity and location of Doe 33 are unknown to Plaintiffs.

43. Defendant Doe 34 is a merchant offering for sale and selling infringing textbooks through its Infringing Site noamalls.com. The identity and location of Doe 34 are unknown to Plaintiffs.

44. Defendant Doe 35 is a merchant offering for sale and selling infringing textbooks through its Infringing Site oscarmalls.com. The identity and location of Doe 35 are unknown to Plaintiffs.

45. Defendant Doe 36 is a merchant offering for sale and selling infringing textbooks through its Infringing Site payversitystore.myshopify.com. The identity and location of Doe 36 are unknown to Plaintiffs.

46. Defendant Doe 37 is a merchant offering for sale and selling infringing textbooks through its Infringing Site priceairstore.com. The identity and location of Doe 37 are unknown to Plaintiffs.

47.     Defendant Doe 38 is a merchant offering for sale and selling infringing textbooks through its Infringing Site ritzyish.us.   The identity and location of Doe 38 are unknown to Plaintiffs.

48.     Defendant Doe 39 is a merchant offering for sale and selling infringing textbooks through its Infringing Site sheellas.com.   The identity and location of Doe 39 are unknown to Plaintiffs.

49.     Defendant Doe 40 is a merchant offering for sale and selling infringing textbooks through its Infringing Site smart-edu-store.myshopify.com.   The identity and location of Doe 40 are unknown to Plaintiffs.

50.     Defendant Doe 41 is a merchant offering for sale and selling infringing textbooks through its Infringing Site source4student.com.   The identity and location of Doe 41 are unknown to Plaintiffs.

51.     Defendant Doe 42 is a merchant offering for sale and selling infringing textbooks through its Infringing Site stingmall.com.   The identity and location of Doe 42 are unknown to Plaintiffs.

52.     Defendant Doe 43 is a merchant offering for sale and selling infringing textbooks through its Infringing Site studentnclass.myshopify.com.   The identity and location of Doe 43 are unknown to Plaintiffs.

53.     Defendant Doe 44 is a merchant offering for sale and selling infringing textbooks through its Infringing Site studyhallpress.com.   The identity and location of Doe 44 are unknown to Plaintiffs.

54.     Defendant Doe 45 is a merchant offering for sale and selling infringing textbooks through its Infringing Site teespops.com.   The identity and location of Doe 45 are unknown to

Plaintiffs.

55.     Defendant Doe 46 is a merchant offering for sale and selling infringing textbooks through its Infringing Site testbankklick.com.  The identity and location of Doe 46 are unknown to Plaintiffs.

56.     Defendant Doe 47 is a merchant offering for sale and selling infringing textbooks through its Infringing Site topbooks.ziploma.com.  The identity and location of Doe 47 are unknown to Plaintiffs.

57.     Defendant Doe 48 is a merchant offering for sale and selling infringing textbooks through its Infringing Site valeriehoptop.com.  The identity and location of Doe 48 are unknown to Plaintiffs.

**JURISDICTION AND VENUE**

58.     This is an action arising under the Copyright Act, 17 U.S.C. § 101, *et seq*.  As such, the Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a).

59.     The Court has personal jurisdiction over Defendants pursuant to N.Y. C.P.L.R. § 302(a)(1) and/or (3).  Defendants have transacted business and/or contracted to supply goods in New York, and Plaintiffs' claims arise from those activities, and/or Defendants have committed tortious acts of copyright infringement outside of New York causing injury to Plaintiffs in New York.  In particular, Defendants offer to sell and sell their Infringing eBooks to consumers in New York, among other states, via highly interactive websites that are continuously accessible and target, sell, and deliver goods to consumers in New York.  Further, through their online businesses, Defendants derive substantial revenue from interstate or international commerce, and Defendants expected or should reasonably have expected their infringing acts to have consequences in New York, where three Plaintiffs have their principal place of business and the other two Plaintiffs have

offices. In the alternative to the above, the Court has personal jurisdiction over some or all of the Defendants under Federal Rule of Civil Procedure 4(k).

60. Venue is proper, *inter alia*, pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Defendants conduct, transact, and/or solicit business in this District.

## FACTUAL ALLEGATIONS

### A. <u>Plaintiffs' Textbook Businesses</u>

61. Plaintiffs are five of the leading educational publishers in the United States. Plaintiffs' publications include physical and digital textbooks, as well as online textbooks. These textbooks are widely available in the United States marketplace to consumers for a fee. They are sold through direct sales channels and via legitimate distributors and stores, including through online sales.

62. Plaintiffs publish their textbooks under many imprints, or brands, that are well known and highly respected. For example, Cengage's imprints include Brooks Cole, Delmar, Heinle, and South-Western Educational Publishing; Macmillan Learning's imprints include Bedford/St. Martin's, W.H. Freeman & Company, and Worth Publishers; Elsevier's imprints include Academic Press, Butterworth Heinemann, Mosby, and Saunders; McGraw Hill's imprints include Irwin, Lange, and McGraw-Hill Higher Education; and Pearson's imprints include Addison Wesley, Allyn & Bacon, and Benjamin Cummings. These are just some of Plaintiffs' many valuable and recognizable imprints. **Exhibit A** includes a list of Plaintiffs' imprints for purposes of their claims against Defendants (the "Imprints").

63. Plaintiffs invest significant time and money into publishing their textbooks. For example, Plaintiffs devote a significant amount of resources in the creation, support, advertisement, and promotion of their textbooks in the United States. Plaintiffs (and/or their

predecessors) have also invested decades of effort in building a reputation of quality in the publishing industry, which consumers associate with Plaintiffs and their textbooks.

64.     Plaintiffs suffer serious significant injury when their copyrights are infringed.  Both publishers and authors alike are deprived of income when their textbooks are unlawfully copied and sold, or when their copyrights are otherwise infringed, which can have serious financial and creative repercussions for them and their work.  A substantial decline in revenue from sales or rentals of Plaintiffs' copyrighted works could cause Plaintiffs to cease publishing one or more deserving textbooks.  This would adversely impact the creation of new textbooks, scholarly endeavor, as well as the availability and quality of educational content in the humanities, sciences, and social sciences.

65.     Plaintiffs are the copyright owners of, and/or the owners of exclusive rights under copyright in, among many others, the works, or derivative works, described on **Exhibit B** (the "Authentic Works").  Plaintiffs or their affiliates have obtained copyright registrations, duly issued by the United States Copyright Office, covering their respective Authentic Works.

### B.      Defendants' Piracy and the Infringing Sites

66.     Textbook piracy is rampant, particularly as a result of the ease by which pirates around the world can sell their infringing textbooks to consumers using well-known and popular service providers and payment processors.  Despite Plaintiffs' and other publishers' use of Digital Rights Management or other digital security ("DRM") to protect authorized electronic versions of their copyrighted content, pirates circumvent those protections.  Accordingly, pirated textbooks are copied and distributed in .pdf or other accessible electronic formats throughout the lucrative U.S. market.

67.     Defendants own, control, and/or operate the Infringing Sites, and likely others,

which Defendants have used and/or continue to use in furtherance of the unlawful conduct alleged herein. Through the Infringing Sites, Defendants engage in and profit from the sale of unauthorized electronic copies of books, including Plaintiffs' textbooks.

68. As part of their enforcement efforts, Plaintiffs purchased unauthorized and illegal copies of their respective Authentic Works from Defendants via the Infringing Sites. A list of those works is contained in Exhibit B. While Plaintiffs have identified some of their textbooks that Defendants have illegally reproduced and/or distributed, Plaintiffs have not identified all of them. Thus, Exhibit B is a non-exhaustive, representative list of Plaintiffs' textbook titles that Defendants have infringed and is likely to be expanded as this case continues.

69. The apparent sole object of Defendants' Infringing Sites is to make money from infringement. Defendants are not authorized to reproduce or distribute Plaintiffs' textbooks. Nonetheless, Defendants have reproduced and/or distributed the Infringing eBooks, which are unauthorized copies of Plaintiffs' Authentic Works, to the public in clear violation of Plaintiffs' rights in copyright.

70. The Infringing Sites are highly interactive. Purchasers or prospective purchasers can interact with the Sites, communicate with Defendants, and complete their transactions. Searches can be made by keyword, such as by title, subject, and/or International Standard Book Number (ISBN), via the search function available on many of the Sites. At the touch of a few keystrokes, armed with a credit card or other means of online payment, a purchaser can download unauthorized copies of Plaintiffs' and other publishers' copyrighted publications.

71. Defendants reproduce Plaintiffs' textbooks without authorization and then store the Infringing eBooks, which are full (or in some cases nearly full, as they are missing some content) unauthorized digital copies, on computers or servers Defendants own or control. In many cases,

this is accomplished through the use of third-party cloud storage providers, such as Google Drive and Dropbox. Defendants' Sites advertise that they deliver digital copies of the Infringing eBooks instantly and/or that the files delivered are compatible with any e-reader, tablet, or similar device. Thus, shortly, if not immediately, after Defendants receive payment, Defendants send an email or other confirmation from which the purchaser can download the pirated e-book.

72. Defendants' Sites have individual "product pages" for the Infringing eBooks that they sell. These pages contain an unlicensed image of the legitimate book's cover and advertise key features of the infringing material, such as the ability to search, copy, or print text. Making matters worse, Defendants often use marketing copy from Plaintiffs' own websites to promote the sale of their Infringing eBooks. By way of example, the first image below is a screenshot of a product page on the Infringing Site allebooksvital.com, which offers an infringing copy of Plaintiff Macmillan Learning's copyrighted work, *Psychology: A Concise Introduction*, 5th Edition.



73.     For purposes of comparison, below is a screenshot for the product page for *Psychology: A Concise Introduction,* 5th Edition, on Macmillan Learning's own website:



74.     As an additional example, the first image below is a screenshot of a product page on the Infringing Site anlifestyles.com, which offers an infringing copy of Plaintiff Pearson's copyrighted work, *Counseling Children and Adolescents*, 1st Edition.   For purposes of comparison, the second image is a screenshot from the product page for *Counseling Children and Adolescents*, 1st Edition, on Pearson Learning's own website




The Merrill Counseling Series

**Sale!**

COUNSELING CHILDREN AND ADOLESCENTS

VICTORIA E. KRESS | MATTHEW J. PAYLO | NICOLE A. STARGELL

HOME / EBOOKS

# Ebook – Counseling Children and Adolescents

~~$59.99~~  **$16.80**

Delivery: Can be download Immediately after purchasing.

For new customer, we need process for verification from 30 mins to 12 hours

Version: PDF/EPUB. If you need EPUB and MOBI Version, please send me a message (Click ?message us? icon at the right corner)

Compatible Devices: Can be read on any devices (Kindle, NOOK, Android/IOS devices, Windows, MAC)



-    1    +        **ADD TO CART**

SKU: 134745248

Category: eBooks



---

DESCRIPTION        REVIEWS (0)

A practical, evidence-based introduction on counseling children and adolescents Counseling Children and Adolescents empowers counselors to thoughtfully and deliberately help young clients tackle complex issues and difficulties. The text covers the principal approaches to counseling children and adolescents, discusses the common issues that bring children and adolescents to counseling, and helps readers understand what counseling younger people looks like. What sets this work apart are its concrete applications and its clear, accessible writing. As one reviewer put it, the texts key strengths are a practical synthesis of theory into clinical and school counseling…, engaging case studies that are diverse and multiculturally sensitive…, [and] real world application. Reach every student by pairing this text with MyLab Counseling MyLab is the teaching and learning platform that empowers you to reach every student. By combining trusted author content with digital tools and a flexible platform, MyLab personalizes the learning experience and improves results for each student. MyLab Counseling organizes all assignments around essential learning outcomes and the CACREP standardsenabling easy course alignment and reporting. Note: You are purchasing a standalone product; MyLab Counseling does not come packaged with this content. Students, if interested in purchasing this title with MyLab Counseling, ask your instructor to confirm the correct package ISBN and Course ID. Instructors, contact your Pearson representative for more information. If you would like to purchase both the physical text and MyLab Counseling search for: 0134710835 / 9780134710839 Counseling Children and Adolescents plus MyLab Counseling with Pearson eText — Access Card Package Package consists of: 0134745132 / 9780134745138 Counseling Children and Adolescents 0134745264 / 9780134745268 MyLab Counseling with Pearson eText — Access Card — for Counseling Children and Adolescents



75.     Defendants hide behind the anonymity of the internet and the Infringing Sites.

None of the Sites themselves reveal any indication of who the individuals or entities are that are operating the Sites. Consumers and prospective consumers are given generic email addresses as contacts. Some of the Infringing Sites identify physical addresses that are either fictitious or do not appear to identify the operator's actual physical location. For example, kiwibookclub.myshopify.com and ebooklisttop.com list addresses for empty lots with no buildings; duplanaca.com lists an address for a jewelry store; oscarmalls.com and noamalls.com both use the same address belonging to a life coach in Rahway, New Jersey; and ebooksrocket.com lists the address of a coworking space in Manhattan, less than a mile from the courthouse where this action was filed.

76.     While online pirates such as Defendants are notorious for, and adept at, hiding their identities and locations, including switching intermediaries to avoid being shut down, Defendants currently utilize the services of a number of intermediaries, including those in the United States, in connection with their infringing activities. In particular, certain Defendants obtain domain name registration services from companies such as GoDaddy.com, LLC, NameCheap, Inc., and Tucows Domains, Inc; web hosting services from companies such as Cloudflare, Inc., Digital Ocean LLC, and Shopify, Inc.; and cloud storage services from companies such as Google and Dropbox. Further, Defendants use payment processors, such as PayPal, Square, and Stripe, as well as Shopify's payment processing services, to process payments for the Infringing eBooks. Defendants typically use the same or additional email addresses for purposes of receiving payment via the payment processors that they use to deliver the Infringing eBooks.

77.     Many of the Infringing Sites appear to be related to each other and/or operated by the same individual or group of individuals. While pirates often use inaccurate or fictitious contact information to register and operate their websites, many of the Sites list identical or nearly identical

contact information—be it fictitious or not. For example, the Infringing Sites jenwind.co and iziebook.com both use the same email address within the contact information of their respective websites. The Infringing Sites iziebook.com, jenlion.co, jenwind.co, and ritzyish.us are identical or nearly identical in appearance. And the Infringing Sites bossiva.com, ebookclouds.com, ebookspaces.com, ebooksrocket.com, eperfectedu.com, estoreselect.com, fridaycollection.myshopify.com, and smart-edu-store.myshopify.com employ nearly identical pop-ups highlighting recent purchases made on the Sites (including the book title and the buyer's first name and city).

78.     Plaintiffs have made purchases of the Infringing eBooks from the Infringing Sites. Such purchases confirm that, as Defendants advertise, they provide consumers with unauthorized digital copies of Plaintiffs' Authentic Works. Many, if not all, of the Infringing eBooks that Defendants distribute include the copyright page contained in the Plaintiffs' authentic textbooks, and some include a copyright notice on each and every page of the Infringing eBook. For example, Cengage received from the Infringing Sites infringing .pdf files of the following copyrighted works, which contain the copyright page, a copyright notice on each page of the file, and, in addition, immediately following such copyright notice, a proprietary code indicating that the Infringing eBook was created from a hacked file intended and authorized solely for distribution through Amazon's Kindle service: *Principles of Microeconomics,* 8th Edition, from ebookspot.shop; *Discrete Mathematics With Applications*, 5th Edition, from magic.engastore.com; *A Guide to Crisis Intervention*, 6th Edition, from studentnclass.myshopify.com; *Essentials of Statistics for the Behavioral Sciences*, 9th Edition, from ebookspot.shop; and *Advertising Campaign Strategy*, 5th Edition, from jolostore.com.

79.     The Infringing eBooks distributed by the Infringing Sites are different from and/or

inferior to Plaintiffs' Authentic Works. For example, the Infringing eBook of Elsevier's *Essentials of Obstetrics and Gynecology*, 6th Edition purchased from eperfectedu.com includes a blurry and grainy image as the cover. The Infringing eBook of Cengage's *Foundations of Marketing,* 8th Edition from studentnclass.myshopify.com is completely missing the cover. The Infringing eBook of Pearson's *Strategic Management in Action*, 6th Edition from priceairstore.com consists of a low-quality scan of a hard copy book. And the Infringing eBook of Macmillan Learning's *Intersections: A Thematic Reader for Writers* from blogshirts68.club is missing the cover and some of the pages and includes duplicates of other pages. Many consumers may not realize that such eBooks they purchase are the work of online pirates, and instead believe that the Plaintiffs' own textbooks are of inferior quality.

### C.    Defendants Use Google Advertising and Merchant Services to Drive Traffic to Their Infringing Sites

80.     Defendants utilize Google advertising and merchant services to drive traffic to the Infringing Sites and increase their illicit profits. Defendants sell their infringing eBooks at a fraction of the retail price of Plaintiffs' legitimate textbooks, and consumers naturally favor a cheaper listing for what appears to be the same product. The Infringing Sites' illegal activity violates Google's policy prohibiting advertisements for copyrighted content that the advertiser is not authorized to use. Nevertheless, the Infringing Sites do just that, and use Google advertising to unfairly compete with Plaintiffs and legitimate distributors, displacing sales of genuine textbooks. In addition, Defendants' purchase of advertising from Google for their Infringing eBooks competes with Plaintiffs' own purchase of Google advertisements. Plaintiffs and/or their legitimate distributors pay more than they would without this competition or are relegated to lower prominence and lose potential buyers enticed to click through to Defendants' Infringing Sites.

81.     Defendants' paid advertisements on Google are often displayed at the top of Google

search results and lure consumers away from legitimate sources of Plaintiffs' textbooks. Defendants' advertisements on Google are also generally listed with the same cover image, edition, and/or author as Plaintiffs' authentic textbooks.

82.     By way of limited example, the image below is a screenshot of the results that occurred when a user typed "Drugs, Society, and Human Behavior ebook" in the search field at Google.com.   From the left, the first, second, and fifth images are advertisements for the Defendants' Infringing Sites ebookspot.com, kiwibookclub.myshopify.com, and jolostore.com, respectively.   These Sites are offering McGraw Hill's copyrighted work *Drugs, Society, and Human Behavior* for sale at well below the price for the legitimate eBook.   For instance, the ebookspot.com and kiwibookclub.myshopify.com Sites offer this work for only $15.99.



83.     In another example, the image below is a screenshot of the results that occurred when a user typed "Advertising Campaign Strategy: A Guide to Marketing Communication Plans pdf ebook" in the search field at Google.com.   From the left, the first, second, third and fourth images are advertisements for the Defendants' Infringing Sites ecoebook.com, jolostore.com, sheellas.com, and bossiva.com, respectively.   These Sites are offering Cengage Learning's copyrighted work *Advertising Campaign Strategy: A Guide to Marketing Communication Plans* for sale at well below the price for the legitimate eBook.   For instance, the sheellas.com and bossiva.com Sites offer this work for only $19.99.



84.     Moreover, the Infringing Sites' advertisements often appear above but still in proximity to legitimate sources of authentic textbooks.   For example, in the screenshot in Paragraph 82 above, the search result for McGraw Hill's own website is on the same page, albeit close to the bottom (if a consumer makes it that far).   But, to unsuspecting individual consumers, the listings all appear to be for legitimate copies of McGraw Hill's textbook because they are listed

with an image of the textbook's cover.  The consumer then is left to select the book he or she wants to purchase, which is often based on the price offered.

85.     Similar results occurred when searching on Google.com for Pearson's work, *A First Course in Probability,* 10th Edition.  In the screenshot below, Defendants' advertisements on Google, prominently displayed above search results, direct consumers looking for Pearson's eBook to the Infringing Sites ebookbots.com, ebookspaces.com, priceairstore.com, and source4student.com, which offer unauthorized copies of the textbook for a fraction of the price of legitimate copies.



86.     When a consumer clicks the Google "Shopping" tab at the top of the screen on Google, the results also contain product images, including images of Plaintiffs' textbooks in the

case of Defendants' advertisements.  In the example below, once again searching for Pearson's eBook of *A First Course in Probability*, results on the first page of the Google Shopping search included advertisements for the Infringing Sites anlifestyles.com, blogshirts68.club, bossiva.com, ebookclouds.com, ebooklisttop.com, ebookspaces.com, hlshirt.com, iziebook.com, priceairstore.com, sheellas.com, source4student.com, and valeriehoptop.com, which offer to sell Pearson's textbook for prices well below the retail price of the legitimate textbook.





[A FIRST COURSE IN PROBABILITY 8TH EDITION ( EBOOK , PDF )](#)

**$17.95** ebookspaces

Delivery: Can be download Immediately after purchasing Version: PDF. If you need EPUB and MOBI Version, please send me a ...



[First Course in Probability, A 9th Edition (eBook PDF) ISBN 978032179477X](#)

**$29.99** sheellas

Delivery: Can be download Immediately after purchasing. For new customer, we need process for verification from 30 mins to 12 ...



[First Course in Probability, A](#)

**$22.40** ebooklisttop | Compare prices from 2 stores

This is the **eBook** of the printed book and may not include any media, website access codes, or print supplements that may come ...



[A first course in probability ebook](#)

**$12.29** Tie Dye Hoodie

This market leader is written as an elementary introduction to the mathematical theory of **probability** for students in ...



[A First Course in Probability 9th Edition](#)

**$15.99** Store

Author(s): Sheldon M. RossISBN: 032179477X,9780321794772



[Ebook - First Course in Probability, A](#)

**$25.40** blogshirts68

Delivery: Can be download Immediately after purchasing. For new customer, we need process for verification from 30 mins to 12 ...



[A First Course In Probability 8th (eBook PDF) ISBN 9780136033134](#)

**$19.99** sheellas

Delivery: Can be download Immediately after purchasing. For new customer, we need process for verification from 30 mins to 12 ...



## D. **Defendants Willfully Engage in Piracy**

87. Defendants' Sites receive a significant number of visitors from consumers and prospective consumers located throughout the United States, including in New York. Several of the Infringing Sites, including bossiva.com, ebookclouds.com, ebookspaces.com,

estoreeselect.com, and sheellas.com, advertise in pop-up windows that appear on the Sites that they have sold eBooks to consumers in New York (and elsewhere in the United States).

88.     By the very nature of their illegal businesses, Defendants are well aware of the enormous scope of their infringing activity.  Defendants knowingly and intentionally designed, built, and operate businesses devoted to selling pirated copies of Plaintiffs' and other publishers' copyrighted works.  Defendants have done so, and continue to do so, with the full knowledge that they have not been granted any license to copy, distribute, or sell electronic (or other) copies of Plaintiffs' textbooks.  Defendants have harmed Plaintiffs, including in this District, and are aware, or reasonably should be aware, that they have caused such harm.

89.     Some Defendants have gone so far as to create innocuous online "storefronts" to hide the illegal products they sell from the casual visitors (in these instances, the purchaser will typically locate the Infringing Site and the listing for the Infringing eBook by viewing and clicking the link on a Google advertisement).  For example, the home page of the Infringing Site ka-shopp.myshopify.com misleadingly implies that the Site sells pet beds.  In addition, the Site's catalog of Infringing eBooks is not apparent by clicking through the numbered pages.  However, the search bar on Site allows a user to access a broad selection of infringing textbooks.  For example, searching the terms "Pharmacology for Nurses" results in a direct link to a product page, through which the Defendant offers an Infringing eBook of Pearson's copyrighted textbook, *Pharmacology for Nurses A Pathophysiologic Approach,* 5th Edition, for a small fraction of what the authorized textbook would cost.  Several other Infringing Sites, including testbankklick.com and source4student.com, make similar attempts to conceal their catalogs of Infringing eBooks in this manner.

90.     Several Infringing eBooks distributed by certain Defendants actually indicate they

were distributed without authorization. For example, the Infringing eBook of McGraw Hill's copyrighted textbook *Engineering Economy*, 8th Edition, distributed by www.testbankklick.com contains a watermark with a URL of what appears to be a different source for pirated content (www.downloadslide.com). The Infringing eBook of Elsevier's copyrighted textbook *Essentials of Obstetrics and Gynecology,* 6th Edition, distributed by eperfectedu.com, has a similar watermark with a different URL (htttps://t.me/MedicalBooksStore).

91.     Defendants actively continue to expand their illegal businesses, including by adding "new arrivals" to the Infringing Sites, which, of course, represent nothing more than additional infringements. They do so while conducting their businesses solely by email and over the internet, making concerted efforts to conceal their true names and physical locations, and frustrating attempts to stop their unlawful activity. Certain Defendants provide fake U.S.-based addresses to give consumers the false impression that they operate from legitimate locations in the United States.

92.     Defendants also use multiple domain names and already have moved certain of their Infringing Sites to new domain names in the few weeks prior to the filing of this suit, even while maintaining the same content. For example, Plaintiffs identified the Infringing Site ebooksonow.com, portions of which redirect visitors to a different Infringing Site, priceairstore.com. The content of other Infringing Sites appears to be identical or nearly identical, even though the Sites operate at different domains. Defendants' apparent purpose is to avoid interruption of their illegal businesses should any of their Infringing Sites be shut down.

93.     Defendants' reproduction and distribution of Plaintiffs' valuable copyrighted works take place without authorization and without compensation to Plaintiffs, their authors, and others in the legitimate chain of commerce. On the contrary, Defendants' actions described herein benefit

them alone, for their own commercial purpose and gain. As a result of Defendants' actions, pirated copies of Plaintiffs' Authentic Works are reproduced and distributed with no DRM or digital security in place that might prevent their viral downstream dissemination. Defendants' flagrant piracy steals the fruits of Plaintiffs' and their authors' creative efforts and harms Plaintiffs' ability to sell their textbooks.

## FIRST CLAIM FOR RELIEF

### Copyright Infringement (17 U.S.C. § 101 *et seq.*)

94. Plaintiffs re-allege and incorporate herein by reference the allegations contained in the foregoing paragraphs 1-93 as though set forth fully herein.

95. Plaintiffs' Authentic Works listed on Exhibit B constitute original works and copyrightable subject matter pursuant to the Copyright Act and are the subject of United States Certificates of Copyright Registration duly obtained from the United States Copyright Office. At all relevant times, Plaintiffs have been and still are the owners or exclusive licensees of all rights, title, and interest in and to their respective copyrights in such works, which have never been assigned, licensed, or otherwise transferred to Defendants.

96. Defendants, without the permission of Plaintiffs, have reproduced the Authentic Works and distributed to the public unauthorized copies of the Authentic Works. Such reproduction and distribution constitute infringement of Plaintiffs' exclusive rights under copyright pursuant to 17 U.S.C. § 501 in violation of 17 U.S.C. §§ 106(1) and 106(3).

97. The infringement of Plaintiffs' rights in each of their respective copyrighted works constitutes a separate and distinct act of infringement.

98. Defendants' unlawful conduct, as set forth above, was willful. Defendants had actual and/or constructive knowledge that their conduct was unlawful and in violation of Plaintiffs'

copyrights. Defendants acted intentionally and in reckless disregard of Plaintiffs' copyrights.

99. As a result of Defendants' unlawful and deliberate conduct as set forth above, Plaintiffs have been, and will continue to be, damaged.

100. Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiffs, for which Plaintiffs have no remedy at law. Unless this Court restrains Defendants from continuing their infringement of Plaintiffs' copyrights, these injuries will continue to occur in the future. Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further infringement, as well as other appropriate equitable relief, as specified below.

## PRAYER FOR RELIEF

By reason of the acts and circumstances alleged above, Plaintiffs seek relief from this Court as follows:

1. Judgment on the claim set forth above, including that Defendants' infringement of Plaintiffs' Authentic Works was intentional and willful.

2. Damages and/or restitution according to proof at trial, including exemplary damages where authorized by statute;

3. An accounting and disgorgement of Defendants' profits, gains, and advantages realized from their unlawful conduct, including a reconciliation of purchases and sales of the Infringing eBooks with documents relating to all such purchases and sales;

4. An order requiring Defendants to pay Plaintiffs such damages as Plaintiffs have sustained as a consequence of Defendants' unlawful acts as alleged above, including actual damages or statutory damages, at Plaintiffs' election, pursuant to 17 U.S.C. § 504;

5. An order enjoining Defendants and other appropriate persons or entities under 17

U.S.C. § 502 and Federal Rule of Civil Procedure 65(d) from further infringing and facilitating infringement upon Plaintiffs' respective copyrights;

6.      An order requiring Defendants to deliver up for destruction all infringing copies of Plaintiffs' Authentic Works, and all derivative works thereof, and all devices by means of which such copies have been created pursuant to 17 U.S.C. § 503;

7.      An order seizing the domain names associated with Defendants' Infringing Sites and turning them over to Plaintiffs;

8.      Prejudgment and post-judgment interest at the applicable rate;

9.      Plaintiffs' attorney's fees, expenses, and costs of suit; and

10.     Such other and further relief the Court deems proper.

## JURY TRIAL DEMAND

Plaintiffs hereby request a trial by jury.


DATED:  January 29, 2020                    Respectfully submitted,

By:  _____
     Matthew J. Oppenheim
     Michele H. Murphy (*pro hac vice* motion to be filed)
     Steven King (*pro hac vice* motion to be filed)
     OPPENHEIM + ZEBRAK, LLP
     4530 Wisconsin Avenue NW, Fifth Floor
     Washington, DC 20016
     Tel:  (202) 480-2999
     Fax:  (866) 766-1678
     matt@oandzlaw.com

     *Attorneys for Plaintiffs*