UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC., BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC d/b/a MACMILLAN LEARNING, ELSEVIER INC., MCGRAW HILL LLC, and PEARSON EDUCATION, INC.,<br><br>    Plaintiffs,<br>v.<br><br>DOE 1 d/b/a ALLEBOOKSVITAL.COM, DOE 2 d/b/a ANLIFESTYLES.COM, DOE 3 d/b/a BLOGSHIRTS68.CLUB, DOE 4 d/b/a BOOKDESKSHOP.COM, DOE 5 d/b/a BOSSIVA.COM, DOE 6 d/b/a DUPLANACA.COM, DOE 7 d/b/a DURANBOOKS.COM, DOE 8 d/b/a EBESTREADER.COM, DOE 9 d/b/a EBOOK.ENGASTORE.COM, DOE 10 d/b/a EBOOKCLOUDS.COM, DOE 11 d/b/a EBOOKLISTTOP.COM, DOE 12 d/b/a EBOOKSMARTLY.COM, DOE 13 d/b/a EBOOKSNOW.ORG, DOE 14 d/b/a EBOOKSPACES.COM, DOE 15 d/b/a EBOOKSPOT.SHOP, DOE 16 d/b/a EBOOKSROCKET.COM, DOE 17 d/b/a ECOEBOOK.COM, DOE 18 d/b/a EDUPLIFY.COM, DOE 19 d/b/a EPERFECTEDU.COM, DOE 20 d/b/a ESTORESELECT.COM, DOE 21 d/b/a EVOMALLS.COM, DOE 22 d/b/a FRIDAYCOLLECTION.MYSHOPIFY.COM, DOE 23 d/b/a GOGOODDISCOUNT.COM, DOE 24 d/b/a HLSHIRT.COM, DOE 25 d/b/a HUNTERBUUK.COM, DOE 26 d/b/a INTELLEGANTMARKETS.COM, DOE 27 d/b/a IZIEBOOK.COM, DOE 28 d/b/a JENLION.CO, DOE 29 d/b/a JENWIND.CO, DOE 30 d/b/a JOLOSTORE.COM, DOE 31 d/b/a KA-SHOPP.MYSHOPIFY.COM, DOE 32 d/b/a KIWIBOOKCLUB.MYSHOPIFY.COM, DOE 33 d/b/a MAGIC.ENGASTORE.COM, DOE 34 d/b/a NOAMALLS.COM, DOE 35 d/b/a | Case No. 20-cv-769-JGK |

OSCARMALLS.COM, DOE 36 d/b/a
PAYVERSITYSTORE.MYSHOPIFY.COM, DOE
37 d/b/a PRICEAIRSTORE.COM, DOE 38 d/b/a
RITZYISH.US, DOE 39 d/b/a SHEELLAS.COM,
DOE 40 d/b/a SMART-EDU-
STORE.MYSHOPIFY.COM, DOE 41 d/b/a
SOURCE4STUDENT.COM, DOE 42 d/b/a
STINGMALL.COM, DOE 43 d/b/a
STUDENTNCLASS.MYSHOPIFY.COM, DOE 44
d/b/a STUDYHALLPRESS.COM, DOE 45 d/b/a
TEESPOPS.COM, DOE 46 d/b/a
TESTBANKKLICK.COM, DOE 47 d/b/a
TOPBOOKS.ZIPLOMA.COM, AND DOE 48 d/b/a
VALERIEHOPTOP.COM

Defendants.

## [PROPOSED] PRELIMINARY INJUCTION

Plaintiffs Cengage Learning, Inc., Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning, Elsevier Inc., McGraw Hill LLC, and Pearson Education, Inc. (collectively, "Plaintiffs") have moved against Defendants Does 1 – 48 (collectively, "Defendants"), doing business as, respectively, allebooksvital.com, anlifestyles.com, blogshirts68.club, bookdeskshop.com, bossiva.com, duplanaca.com, duranbooks.com, ebestreader.com, ebook.engastore.com, ebookclouds.com, ebooklisttop.com, ebooksmartly.com, ebooksnow.org, ebookspaces.com, ebookspot.shop, ebooksrocket.com, ecoebook.com, eduplify.com, eperfectedu.com, estoreselect.com, evomalls.com, fridaycollection.myshopify.com, gogooddiscount.com, hlshirt.com, hunterbuuk.com, intellegantmarkets.com, iziebook.com, jenlion.co, jenwind.co, jolostore.com, ka-shopp.myshopify.com, kiwibookclub.myshopify.com, magic.engastore.com, noamalls.com, oscarmalls.com, payversitystore.myshopify.com, priceairstore.com, ritzyish.us, sheellas.com, smart-edu-store.myshopify.com, source4student.com, stingmall.com, studentnclass.myshopify.com, studyhallpress.com, teespops.com, testbankklick.com,

topbooks.ziploma.com, and valeriehoptop.com (the "Infringing Sites"), for a preliminary injunction pursuant to Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), the Lanham Act (15 U.S.C. § 1116), and N.Y. C.P.L.R. § 6201. Plaintiffs proceed on the basis that Defendants are reproducing and distributing unauthorized electronic copies of Plaintiffs' copyrighted textbooks, as set forth in Plaintiffs' Complaint.

The Court, having reviewed the Complaint, Memorandum of Law, supporting Declarations, and all other papers submitted therewith, and the entire record herein, and having held a hearing on the Order to Show Cause on February 24, 2020, makes the following findings of fact and conclusions of law:

1. Plaintiffs have served Defendants with the Complaint and Exhibits A-C, the Court's January 29, 2020 Ex Parte Order ("Ex Parte Order"), and Plaintiffs' supporting papers in connection with the Ex Parte Order. *See* ECF No. 9.

2. The Court has personal jurisdiction over Defendants under N.Y. C.P.L.R. § 302(a), including on the grounds that Defendants sell unauthorized electronic copies of Plaintiffs' copyrighted textbooks ("Infringing eBooks") through highly interactive websites that are continuously accessible to New York consumers and/or have sold such Infringing eBooks to New York consumers, and Plaintiffs have been injured in New York by Defendants' infringing conduct.

3. Plaintiffs are likely to succeed in showing that Defendants have infringed and are continuing to infringe Plaintiffs' federally registered copyrights by reproducing and distributing the Infringing eBooks, including via the Infringing Sites.

4. The reproduction and/or distribution of the Infringing eBooks will result in immediate and irreparable injury to Plaintiffs if the requested relief is not granted.

3

5. The balance of potential harm to Defendants by being prevented from continuing to profit from their illegal and infringing activities if a preliminary injunction is issued is far outweighed by the harm to Plaintiffs, their businesses, and the value associated with Plaintiffs' copyrights if a temporary restraining order is not issued. Defendants are not harmed by being prevented from continuing to profit from illegal and infringing activities.

6. Public interest favors issuance of a preliminary injunction in order to protect Plaintiffs' interests in and to their respective copyrights, and to protect the public from being deceived and defrauded by Defendants' infringing copies of Plaintiffs' textbooks.

NOW, THEREFORE, IT IS HEREBY ORDERED, in accordance with Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), the Lanham Act (15 U.S.C. § 1116), and the Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, and no prior application having been granted, that:

1. Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of this preliminary injunction are enjoined from:

    a) Directly or indirectly infringing any copyrighted work that is owned or exclusively controlled by any of Plaintiffs ("Plaintiffs' Textbooks"), i.e., any copyrighted work published under any of the imprints identified on Appendix A hereto;

    b) Copying, reproducing, manufacturing, downloading, uploading, transmitting, distributing, selling, offering to sell, advertising, marketing,

promoting, or otherwise exploiting any of Plaintiffs' Textbooks without Plaintiffs' express written authorization;

c) Enabling, facilitating, permitting, assisting, soliciting, encouraging, or inducing the copying, reproduction, manufacture, download, upload, transmission, distribution, sale, offering for sale, advertisement, marketing, promotion, or other exploitation of any of Plaintiffs' Textbooks without Plaintiffs' express written authorization;

d) Using, hosting, operating, maintaining, creating, or registering any computer server, website, domain name, domain name server, cloud storage, e-commerce platform, online advertising service, social media platform, or payment processing service to support the Infringing Sites or otherwise enable, facilitate, permit, assist, solicit, encourage, or induce the infringement of Plaintiffs' Textbooks, as set forth in subparagraphs (a) through (c) above.

e) Transferring ownership or control of the websites, domain names, or accounts associated with Defendants' Infringing Sites.

2. Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of this preliminary injunction, and any financial institutions, i.e., banks, payment processing companies, savings and loan associations, credit card companies, credit card processing agencies, merchant acquiring banks, or other companies or agencies that engage in the processing or transfer of money and/or other assets ("Financial Institutions"), who receive actual notice of this preliminary injunction, must immediately locate all accounts holding or receiving money or other assets owned,

connected to, associated with, held by, or transferred in connection with Defendants' Infringing Sites or Defendants' sale of Plaintiffs' Textbooks ("Defendants' Accounts") and immediately cease transferring, withdrawing, or otherwise disposing of any money or other assets in Defendants' Accounts or allowing such money or other assets in Defendants' Accounts to be transferred, withdrawn, or otherwise disposed of without prior Court approval, ^[*see insertion below*]

3. Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of this preliminary injunction, shall not begin or continue to operate any website or other e-commerce business that offers for sale, sells, or otherwise reproduces or distributes electronic copies of textbooks, books, or journals without disclosing at least seven (7) days in advance to Plaintiffs' counsel, by email to fleischman@oandzlaw.com, the domain name, website location, and/or URL of such website or e-commerce business.

IT IS FURTHER ORDERED that the Court's Expedited Discovery Order contained in the Ex Parte Order shall remain in effect until further order of the Court.

IT IS FURTHER ORDERED that this Preliminary Injunction shall remain in effect until further order of the Court.

It is SO ORDERED this 24 day of February, 2020.

_____
John G. Koeltl
United States District Judge

[Handwritten insertion:] provided that no financial institution is required to locate any account or cease to transfer, withdraw or otherwise dispose of any assets in Defendants' Accounts to the extent that such Accounts cannot be reasonably located based on the information provided by the Plaintiff.

6

# APPENDIX A: PLAINTIFFS' IMPRINTS

| BEDFORD, FREEMAN AND WORTH PUBLISHING GROUP, LLC | CENGAGE LEARNING, INC. |
|---|---|
| Bedford, Freeman & Worth High School Publishers<br>Bedford/St. Martin's<br>BFW<br>BFW High School Publishers<br>Freeman<br>Macmillan Education<br>Macmillan Learning<br>W.H. Freeman & Company<br>Worth<br>Worth Publishers | Brooks Cole<br>Cengage<br>Cengage Learning<br>Course Technology<br>Delmar<br>Gale<br>Heinle<br>Milady<br>National Geographic Learning<br>South-Western Educational Publishing<br>Wadsworth |

| MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC | PEARSON EDUCATION, INC. |
|---|---|
| Irwin<br>Lange<br>McGraw-Hill<br>McGraw-Hill Education<br>McGraw-Hill Higher Education<br>McGraw-Hill Professional<br>McGraw-Hill Ryerson<br>McGraw-Hill/Appleton & Lange<br>McGraw-Hill/Contemporary<br>McGraw-Hill/Dushkin<br>McGraw-Hill/Irwin<br>NTC/Contemporary<br>Osborne<br>Schaum's | Addison Wesley<br>Adobe Press<br>Allyn & Bacon<br>Benjamin Cummings<br>Brady<br>Cisco Press<br>Financial Times Press/FT Press<br>IBM Press<br>Longman<br>New Riders Press<br>Peachpit Press<br>Pearson<br>Pearson Education<br>Que Publishing<br>Sams Publishing |

| ELSEVIER INC. ||
|---|---|
| Academic Cell<br>Academic Press<br>Amirsys<br>Butterworth Heinemann<br>Churchill Livingstone<br>Digital Press<br>Elsevier<br>Gulf Professional Publishing<br>Hanley & Belfus<br>Knovel | Made Simple Books<br>Medicine Publishing<br>Morgan Kaufmann Publishers<br>Mosby<br>Newnes<br>North Holland<br>Saunders<br>Urban & Fischer<br>William Andrew<br>Woodhead Publishing |