

Matthew I. Fleischman
4530 Wisconsin Avenue NW | 5th Floor
Washington, DC 20016
T: (202) 480-2965 | F: (866) 766-1678
fleischman@oandzlaw.com | www.oandzlaw.com

March 18, 2020

**VIA ECF**

The Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Application granted.
> SO ORDERED
>
> New York, NY      /s/ John G. Koeltl
> March 19, 2020    John G. Koeltl, U.S.D.J.

Re:  *Cengage Learning, Inc., et al. v. Does 1-48*,
     S.D.N.Y. Case No. 20-cv-769-JGK

Dear Judge Koeltl:

We represent Plaintiffs Cengage Learning, Inc., Bedford, Freeman & Worth Publishing Group, LLC, Elsevier Inc., McGraw Hill LLC, and Pearson Education, Inc. ("Plaintiffs") in the above-referenced action. We write to seek leave to file under seal Plaintiffs' Proposed *Ex Parte* Order Requiring Immediate Compliance with Asset Freeze ("Proposed Order"). The Proposed Order is drafted to grant one part of Plaintiffs' Motion for an Amendment of the Preliminary Injunction and an Order Requiring Asset Freeze Compliance or Expedited Consideration of the Motion, filed today (ECF No. 16) ("Motion to Amend"). Plaintiffs will file a redacted version of the Proposed Order on ECF, which will include all of the contents of the Proposed Order except i) the name of the financial institution to which the order is directed, identified as the "Responding Financial Institution" in the Motion to Amend and below, and ii) the name of the Doe Defendant whose account(s) are held and should be frozen by the Responding Financial Institution.[1]

Plaintiffs' sealing request should be granted because, if the identity of the Responding Financial Institution and the relevant Doe Defendant becomes publicly known while Plaintiffs' Motion to Amend is pending, the Doe Defendant is likely to secrete, transfer, or otherwise dispose of his assets in violation of the current Preliminary Injunction (ECF No. 14); *see also*

---

[1] As explained in the Motion to Amend, the motion seeks to include additional information obtained in discovery in the preliminary injunction to secure the Responding Financial Institution's compliance with the asset freeze, even though, as Plaintiffs maintain, the Responding Financial Institution should already be complying.

Jan. 29, 2020 *Ex Parte Order* at 3 (ECF No. 11) ("TRO") (making the equivalent finding of fact). The Doe Defendant knows that it is not authorized to disburse funds from the account(s) at issue and yet has already removed funds from the account(s) since being served with the TRO, which first instituted the asset freeze. Further, the Doe Defendant has built a business on selling wholly unauthorized copies of Plaintiffs' textbooks and, despite having been served with the Complaint and other papers, has not participated in this action. Moreover, the Doe Defendant has gone to great lengths to conceal its identity and its involvement with infringing websites to Plaintiffs directly and to the public through the operation of its website(s). *See* Decl. of Matthew I. Fleischman filed in support of Motion to Amend (ECF No. 17). Accordingly, should the Doe Defendant become specifically aware that its account(s) are the subject of a motion to secure an immediate enforcement of the asset freeze -- in a situation where the Responding Financial Institution is separately no complying with the asset freeze -- the Doe Defendant is likely to remove (or attempt to remove) the remainder of the funds. Such acts would further violate the Preliminary Injunction and injure Plaintiffs, and frustrate the very purposes of the relief ordered by the Court.

Based on the above, the continuum that the Court applies, and the balancing of interests, Plaintiffs have overcome the presumption of a public filing. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). Indeed, the only information that is withheld from the public is the name of a financial institution and the account holder. This, by its nature, is private information as to the account holder, and is not the type of information that sealing will impact the judicial process or deprive the public of needed information. *See id.*

If the Court orders the Responding Financial Institution to immediately comply with the asset freeze, as Plaintiffs request in the Proposed Order, the unredacted Proposed Order can be unsealed. Plaintiffs are aware that, absent an order granting this sealing request, the Proposed Order will become public.

Thank you for the Court's consideration of this request.

Sincerely,

*/s Matthew I. Fleischman*

Matthew I. Fleischman