Case 1:20-cv-00769-JGK Document 81 Filed 11/20/20 Page 1 of 4
DocuSign Envelope ID: 565EE534-D7EF-44BB-809A-343870FD0F00
Case 1:20-cv-00769-JGK Document 80-1 Filed 11/18/20 Page 1 of 4

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC., BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC d/b/a MACMILLAN LEARNING, ELSEVIER INC., MCGRAW HILL LLC, and PEARSON EDUCATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TRUNG KIEN NGUYEN, DUY ANH NGUYEN, DUONG THI BAY, XUAN CHINH NGUYEN, TUAN ANH NGUYEN, VINH NGOC NGUYEN, LÊ TRANG, VAN QUYNH PHAM, THI LIEN PHUONG NGUYEN, VAN TUAN DANG, HIEN VO VAN, QUANG NGUYEN, JESSICA GOLDBERG, MAXIM GUBCEAC, TRACEY LUM, RODNEY MOUZONE, ZAINEE JALLAL, LUU VAN DOAN, BUI HAI LINH, MOHD HANIFF HASLAM, RAFAN WASEEF, SAMEER YAMAN, STEFAN DEMETER, SHAHBAZ HAIDER, ERIKA DEMETEROVA, ROSTISLAV ZHURAVSKIY, SUSAN RAGON, WALESKA CAMACHO, ANJUM AKHTER, HASEEB ANJUM, MUHD IZHAN KHAIRUL, VU XUAN TRUONG, BINH NGUYEN, ANTHONY TORRESI, MICHAEL MCEVILLEY, CORNELL KILLEBREW, MOHD ALI KAMIL, ADAM HAROLD, ABDUL RAHIM MOHSIN, REFAT HAMOUDA, MOSTAFIZUR RAHMAN, MOHAMED SABEK, DO THANH DUY, CRIS AUSTIN, and WASRI WAMIN, <br><br> Defendants. | Civil Action No. 20-cv-769-JGK <br><br> USDS SDNY <br> DOCUMENT <br> ELECTRONICALLY FILED <br> DOC #: _____ <br> DATE FILED: 11/20/2020 |

## [PROPOSED] FINAL JUDGMENT AND INJUNCTION AS TO DEFENDANT ANTHONY TORRESI

Plaintiffs Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning, Cengage Learning, Inc., Elsevier Inc., McGraw Hill LLC (successor in interest to McGraw-Hill Global Education Holdings, LLC), and Pearson Education, Inc. (collectively, the "Plaintiffs") filed a complaint against Anthony Torresi ("Defendant"), alleging claims of direct and secondary infringement pursuant to the Copyright Act, 17 U.S.C. § § 501 and 106. The parties indicate that they have settled this matter. In connection therewith, the parties have jointly stipulated to entry of this Final Judgment and Permanent Injunction.

**NOW THEREFORE**, it is hereby:

I. **ORDERED** that final judgment is **ENTERED** for Plaintiffs against Defendant. Each party shall bear its own costs and expenses, including its attorney's fees.

II. **ORDERED** that a permanent injunction is **ENTERED** in this action as follow: Defendant, his personal representatives, heirs, executors, administrators, agents, and assigns, and all those in active concert or participation with him who receive actual notice of this injunction are enjoined from:

   a. Directly or indirectly infringing any of Plaintiffs' Copyrighted Works[2];

   b. Copying, reproducing, manufacturing, downloading, uploading, transmitting, distributing, selling, offering to sell, advertising, marketing,

---

[2] "Plaintiffs' Copyrighted Works" means any and all textbooks or other copyrighted works, or portions thereof, including instructor solutions manuals, instructor resource manuals, or test banks, whether now in existence or later created, regardless of media type, the copyrights to which are owned or controlled by any of Plaintiffs or their parents, subsidiaries, affiliates (excluding for Macmillan Learning, its affiliates and its parents other than its immediate parent company), predecessors, successors, and assigns, whether published in the United States or abroad.



21

DocuSign Envelope ID: 565EE534-D7EF-44B8-0992-3437570D0F00

promoting, or otherwise exploiting any of Plaintiffs' Copyrighted Works without Plaintiffs' express written authorization;

c. Enabling, facilitating, permitting, assisting, soliciting, encouraging, or inducing the copying, reproduction, manufacture, download, upload, transmission, distribution, sale, offering for sale, advertisement, marketing, promotion, or other exploitation of any of Plaintiffs' Copyrighted Works without Plaintiffs' express written authorization;

d. Using, hosting, operating, maintaining, creating, or registering any computer server, website, domain name, domain name server, cloud storage, e-commerce platform, online advertising service, social media platform, or payment processing service to support Defendant's websites or otherwise enable, facilitate, permit, assist, solicit, encourage, or induce the infringement of Plaintiffs' Copyrighted Works, as set forth in subparagraphs (a) through (c) above.

III. **ORDERED** that Defendant, along with his personal representatives, heirs, executors, administrators, agents, and assigns, shall, at Defendant's own expense, permanently delete and destroy each digital copy of Plaintiffs' Copyrighted Works within his possession, custody, or control.

IV. **ORDERED** that the Defendant shall pay Plaintiffs, through their counsel Oppenheim + Zebrak, LLP, $50,000.

V. **ORDERED** that Defendant shall turnover to Plaintiffs the ebooksnow.org, ebooks4class.com, ebooksforclass.com, ebooksforcollege.com, and ebooksprime.com.com domain names.

22

VI. **FURTHER ORDERED** that the Court retains jurisdiction for the purpose of enforcing this Order. Without limiting the foregoing, in the event Plaintiffs discover any new websites owned or operated by Defendant in violation of any of the terms of this Permanent Injunction, Plaintiffs may move the Court for a supplemental order as may be appropriate to effectuate the purposes of this Permanent Injunction.

VII. **FURTHER ORDERED** that this Order replaces the Court's Preliminary Injunction issued in this matter as to Defendant Anthony Torresi only.

**SO ORDERED** this 19 day of November, 2020.

*[signature]*
United States District Judge

Pursuant to Federal R. of Civ. P. 54(b) there is no just reason for delaying the entry of final judgment against this defendant and therefore the Clerk should enter this Final Judgment and Injunction as to Defendant Anthony Torresi.

So ordered.
*[signature]*
11/19/20  US D.J.

23