# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC., BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC d/b/a MACMILLAN LEARNING, ELSEVIER INC., MCGRAW HILL LLC, and PEARSON EDUCATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TRUNG KIEN NGUYEN, DUY ANH NGUYEN, DUONG THI BAY, XUAN CHINH NGUYEN, TUAN ANH NGUYEN, VINH NGOC NGUYEN, LÊ TRANG, VAN QUYNH PHAM, THI LIEN PHUONG NGUYEN, VAN TUAN DANG, HIEN VO VAN, QUANG NGUYEN, JESSICA GOLDBERG, MAXIM GUBCEAC, TRACEY LUM, RODNEY MOUZONE, ZAINEE JALLAL, LUU VAN DOAN, BUI HAI LINH, MOHD HANIFF HASLAM, RAFAN WASEEF, SAMEER YAMAN, STEFAN DEMETER, SHAHBAZ HAIDER, ERIKA DEMETEROVA, ROSTISLAV ZHURAVSKIY, SUSAN RAGON, WALESKA CAMACHO, ANJUM AKHTER, HASEEB ANJUM, MUHD IZHAN KHAIRUL, VU XUAN TRUONG, BINH NGUYEN, ANTHONY TORRESI, MICHAEL MCEVILLEY, CORNELL KILLEBREW, MOHD ALI KAMIL, ADAM HAROLD, ABDUL RAHIM MOHSIN, REFAT HAMOUDA, MOSTAFIZUR RAHMAN, MOHAMED SABEK, DO THANH DUY, CRIS AUSTIN, and WASRI WAMIN, <br><br> Defendants. | Civil Action No. 20-cv-769-JGK <br><br> USDC SDNY <br> DOCUMENT <br> ELECTRONICALLY FILED <br> DOC# _____ <br> DATE FILED: 5-14-21 |

## [PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT CORNELL KILLEBREW

Plaintiffs Cengage Learning, Inc., Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning, Elsevier Inc., McGraw Hill LLC (successor in interest to McGraw-Hill Global Education Holdings, LLC), and Pearson Education, Inc. (collectively, the "Plaintiffs") filed a complaint against Cornell Killebrew ("Defendant"), alleging claims of direct and secondary infringement pursuant to the Copyright Act, 17 U.S.C. § § 501 and 106. The parties indicate that they have settled this matter. In connection therewith, the parties have jointly stipulated to entry of this Final Judgment and Permanent Injunction.

**NOW, THEREFORE**, it is hereby:

I. **ORDERED** that final judgment is **ENTERED** for Plaintiffs against Defendant in the amount of $325,000.00. Each party shall bear its own costs and expenses, including its attorney's fees.

II. **FURTHER ORDERED** that a permanent injunction is **ENTERED** in this action as follow: Defendant, his personal representatives, heirs, executors, administrators, agents, and assigns, and all those in active concert or participation with him who receive actual notice of this Permanent Injunction, are enjoined from:

a. Directly or indirectly infringing any of Plaintiffs' Copyrighted Works[1];

---

[1] "Plaintiffs' Copyrighted Works" means any and all textbooks or other copyrighted works, or portions thereof, including instructor solutions manuals, instructor resource manuals, or test banks, whether now in existence or later created, regardless of media type, the copyrights to which are owned or exclusively controlled by any of Plaintiffs or their parents, subsidiaries, affiliates (excluding for Macmillan Learning, its affiliates and its parents other than its immediate parent company), predecessors, successors, or assigns, whether published in the United States or abroad.

14

b. Copying, reproducing, manufacturing, downloading, uploading, transmitting, distributing, selling, offering to sell, advertising, marketing, promoting, or otherwise exploiting any of Plaintiffs' Copyrighted Works without Plaintiffs' express written authorization;

c. Enabling, facilitating, permitting, assisting, soliciting, encouraging, or inducing the copying, reproduction, manufacture, download, upload, transmission, distribution, sale, offering for sale, advertisement, marketing, promotion, or other exploitation of any of Plaintiffs' Copyrighted Works without Plaintiffs' express written authorization;

d. Using, hosting, operating, maintaining, creating, providing, or registering any computer server, website, domain name, domain name server, cloud storage, e-commerce platform, online advertising service, social media platform, proxy service (including reverse and forwarding proxies), website optimization service (including website traffic management), caching service, content delivery network, payment processing service, or any other service similar to the above-listed services that supports, enables, facilitates, permits, assists, solicits, encourages, or induces the infringement of Plaintiffs' Copyrighted Works, as set forth in subparagraphs (a) through (c) above.

**III.** **FURTHER ORDERED** that Defendant, along with his personal representatives, heirs, executors, administrators, agents, and assigns, shall, at Defendant's own expense, permanently delete and destroy each digital copy of Plaintiffs' Copyrighted Works within his possession, custody, or control.

IV. **FURTHER ORDERED** that the funds in the following accounts listed below shall be disbursed to Plaintiffs through their counsel Oppenheim + Zebrak, LLP:

a) Navy Federal Credit Union (Account No. ***2841)

b) Navy Federal Credit Union (Account No. ***7148)

c) Navy Federal Credit Union (Account No. ***4962)

V. **FURTHER ORDERED** that, in addition to the disbursement of funds pursuant to Section IV above, the Defendant shall pay $135,000 to Plaintiffs, through their counsel Oppenheim + Zebrak, LLP pursuant to the terms of the settlement agreement.

VI. **FURTHER ORDERED** that Defendant shall turnover to Plaintiffs the following domain names: ebooksrocket.com, ebooksshopco.com, ebookstoreco.com, ebookszone.myshopify.com, and ebookszoneship.com.

VII. **FURTHER ORDERED** that the Court retains jurisdiction for the purpose of enforcing this Order. Without limiting the foregoing, in the event Plaintiffs discover any new websites owned or operated by Defendant in violation of any of the terms of this Permanent Injunction, Plaintiffs may move the Court for a supplemental order as may be appropriate to effectuate the purposes of this Permanent Injunction.

VIII. **FURTHER ORDERED** that this Order replaces the Court's Preliminary Injunction issued in this matter as to Defendant Cornell Killebrew only.

**SO ORDERED** this _____ day of _____, 2021.

*Further Ordered, pursuant to Fed. R. Civ. P. 54(b), there is no just reason for delay and this judgment should be entered as a Final Judgment against Defendant Cornell Killebrew only.*

*So ordered,*
*John G. Koeltl*
*5/4/21   U.S.D.J.*

16

_____
United States District Judge