UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC., BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC d/b/a MACMILLAN LEARNING, ELSEVIER INC., MCGRAW HILL LLC, and PEARSON EDUCATION, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>TRUNG KIEN NGUYEN, DUY ANH NGUYEN, DUONG THI BAY, XUAN CHINH NGUYEN, TUAN ANH NGUYEN, VINH NGOC NGUYEN, LÊ TRANG, VAN QUYNH PHAM, THI LIEN PHUONG NGUYEN, VAN TUAN DANG, HIEN VO VAN, QUANG NGUYEN, JESSICA GOLDBERG, MAXIM GUBCEAC, TRACEY LUM, RODNEY MOUZONE, ZAINEE JALLAL, LUU VAN DOAN, BUI HAI LINH, MOHD HANIFF HASLAM, RAFAN WASEEF, SAMEER YAMAN, STEFAN DEMETER, SHAHBAZ HAIDER, ERIKA DEMETEROVA, ROSTISLAV ZHURAVSKIY, SUSAN RAGON, WALESKA CAMACHO, ANJUM AKHTER, HASEEB ANJUM, MUHD IZHAN KHAIRUL, VU XUAN TRUONG, BINH NGUYEN, ANTHONY TORRESI, MICHAEL MCEVILLEY, CORNELL KILLEBREW, MOHD ALI KAMIL, ADAM HAROLD, ABDUL RAHIM MOHSIN, REFAT HAMOUDA, MOHAMED SABEK, DO THANH DUY, CRIS AUSTIN, and WASRI WAMIN,<br><br>Defendants. | Case No. 20-cv-769-JGK<br><br>[~~PROPOSED~~] DEFAULT JUDGMENT AND PERMANENT INJUNCTION<br><br>USDS SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 6/28/2021 |

JOHN G. KOELTL, District Judge:

Plaintiffs Cengage Learning, Inc. ("Cengage"), Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning ("Macmillan Learning"), Elsevier Inc. ("Elsevier"),

1

McGraw Hill LLC ("McGraw Hill"), and Pearson Education, Inc. ("Pearson," and, collectively, "Plaintiffs") initiated this action on January 29, 2020 against Doe Defendants. Compl., ECF No. 1. At the same time that they filed the Complaint, Plaintiffs filed an *ex parte* application for a Temporary Restraining Order, expedited discovery, Order to Show Cause why a Preliminary Injunction should not issue, and alternate service by email, which the Court granted on January 29, 2020. *Ex Parte* Order, ECF No. 11. Plaintiffs served the Doe Defendants by email with the *Ex Parte* Order, their moving papers, the Complaint, and the Summons. *See* Decl. of Service, ECF No. 9. After a show cause hearing, at which Defendants did not appear, the Court issued a Preliminary Injunction against the Doe Defendants on February 24, 2020. Prelim. Inj., ECF No. 14. On March 19, 2020, upon Plaintiffs' motion, the Court issued an Amended Preliminary Injunction. Am. Prelim. Inj., ECF No. 25.

After conducting expedited discovery, Plaintiffs filed the Amended Complaint on July 1, 2020, naming Defendants Trung Kien Nguyen, Duy Anh Nguyen, Duong Thi Bay, Xuan Chinh Nguyen, Tuan Anh Nguyen, Vinh Ngoc Nguyen, Le Trang, Van Quynh Pham, Thi Lien Phuong Nguyen, Van Tuan Dang, Hien Vo Van, Quang Nguyen, Jessica Goldberg, Maxim Gubceac, Tracey Lum, Rodney Mouzone, and Zainee Jallal (the "Group 1 Defendants"), Luu Van Doan and Bui Hai Linh (the "Group 2 Defendants"), Mohd Haniff Haslam, Rafan Waseef, and Sameer Yaman (the "Group 3 Defendants"), Stefan Demeter, Shahbaz Haider, Erika Demeterova, and Rostislav Zhuravskiy (the "Group 4 Defendants"), Susan Ragon, Waleska Camacho, Anjum Akhter, and Haseeb Anjum (the "Group 5 Defendants"), and Muhd Izhan Khairul, Vu Xuan Truong, Binh Nguyen, Mohd Ali Kamil, Adam Harold, Abdul Rahim Mohsin, Refat Hamouda, Mohamed Sabek, Do Thanh Duy, Cris Austin, and Wasri Wamin—who are further identified by the information on Appendix A hereto, i.e., names, aliases, email addresses, and infringing

2

websites operated (collectively, "Defendants"). Am. Compl., ECF No. 36. On July 9, 2020, Plaintiffs served the Amended Complaint and Summons on Defendants by email pursuant to the Court's July 8, 2020 Alternate Service Order, ECF No. 45, except for Defendant Zhurayskiy, whom Plaintiffs served on July 15, 2020 via substituted personal service. Certificates of Service, ECF Nos. 46, 48. Defendants did not file Answers or otherwise respond to the Complaint or the Amended Complaint.

On September 2, 2020, the Clerk of Court entered a Certificate of Default as to Defendants, ECF No. 59.

On November 17, 2020, Plaintiffs submitted an Order to Show Cause and memorandum in support of their request to enter a default judgment and permanent injunction against Defendants pursuant to, *inter alia*, Rules 55(b) and 65(d) of the Federal Rules of Civil Procedure.

On March 16, 2021, the Court issued an Order determining that Plaintiffs are entitled to a default judgment and referred the case to Magistrate Judge Aaron to conduct an inquest. ECF No. 107.

On April 7, 2021, Plaintiffs filed their Proposed Findings of Fact, Memorandum of Law, and Declarations in support the inquest. ECF Nos. 110-17.

On June 1, 2021, Magistrate Judge Aaron issued his Report & Recommendation ("Report & Recommendation"), recommending that Plaintiffs be awarded $5.85 million in statutory damages; a permanent injunction be entered in Plaintiffs' favor; a post-judgment asset restraint be imposed; the automatic stay of Federal Rule of Civil Procedure 62(a) be dissolved to allow for immediate enforcement of the judgment; and the judgment provide for the transfer of Defendants' frozen assets to Plaintiffs. ECF No. 121.

On June 21, 2021, the Court issued an Order indicating that it was adopting the Report &

Recommendation. ECF No. 123.

NOW, THEREFORE, having adopted the Report & Recommendation and reviewed the entire record herein, the Court HEREBY FINDS that:

A. Plaintiffs are higher education publishers. Plaintiffs' publications include physical and digital textbooks that are widely available in the United States to consumers and sold through direct sales channels and legitimate distributors and stores, including through online sales.

B. Defendants intentionally reproduce and distribute for sale electronic, infringing copies of Plaintiffs' copyrighted textbooks. Defendants do so through websites they own and/or operate. Defendants' websites named in the original Complaint and additional websites identified by Plaintiffs through third-party discovery in this action are listed as "Infringing Sites - Original Complaint" and "Infringing Sites - Associated Sites," respectively, on Appendix A hereto (collectively, "Infringing Sites"). Appendix A also lists Defendants' names, Group numbers (if applicable), and those aliases and email addresses identified by Plaintiffs through third-party discovery. Defendants in Groups 1, 2, 3, 4, and 5 jointly operate their respective Infringing Sites and, therefore, are jointly and severally liable to Plaintiffs as set forth herein.

C. Defendants have been properly served in this action with the Complaint, the Amended Complaint, and the Summonses;

D. Because Defendants did not file Answers, otherwise respond to the Complaint or the Amended Complaint, or otherwise appear in this action, the Clerk of Court entered default against Defendants on September 2, 2020;

E. Plaintiffs are the copyright owners of and/or the owners of the exclusive rights under copyright in their respective works or derivative works described on Exhibit C to the Amended Complaint (the "Authentic Works"), which is appended hereto as Appendix B;

F.  Defendants have willfully infringed Plaintiffs' copyrights in the Authentic Works in connection with Defendants' reproduction and distribution of unauthorized copies of Plaintiffs' textbooks, and Defendants, therefore, are liable for willful copyright infringement under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*;

G.  Defendants' willful infringement of Plaintiffs' copyrights in the Authentic Works has caused Plaintiffs irreparable harm;

H.  As a result of Defendants' unlawful conduct, Plaintiffs are entitled to the entry of a final judgment and permanent injunction against Defendants.

Accordingly, IT IS HEREBY ORDERED that, in accordance with Federal Rule of Civil Procedure 65(d), Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them, who receive actual notice of this Order, are permanently enjoined and restrained from directly or indirectly infringing the copyrights owned or exclusively controlled by any of the Plaintiffs or any parent, subsidiary, or affiliate of a Plaintiff, whether now in existence or later created ("Plaintiffs' Copyrights").

Without limiting the foregoing, IT IS FURTHER ORDERED that, in accordance with Federal Rule of Civil Procedure 65(d), Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them, who receive actual notice of this Order, are permanently enjoined and restrained from engaging in any of the following acts:

1) Directly or indirectly infringing any copyrighted work published under any of the imprints identified on Appendix C hereto;

2) Copying, reproducing, manufacturing, downloading, uploading, transmitting, distributing, selling, offering to sell, advertising, marketing, promoting, or otherwise exploiting any of Plaintiffs' Copyrights without Plaintiffs' express written authorization;

3) Enabling, facilitating, permitting, assisting, soliciting, encouraging, or inducing the copying, reproduction, manufacture, download, upload, transmission, distribution, sale, offering for sale, advertisement, marketing, promotion, or other exploitation of any of Plaintiffs' Copyrights without Plaintiffs' express written authorization; and

4) Using, hosting, operating, maintaining, creating, or registering any computer server, website, domain name, domain name server, cloud storage, e-commerce platform, online advertising service, social media platform, or payment processing service to infringe or to enable, facilitate, permit, assist, solicit, encourage, or induce the infringement of Plaintiffs' Copyrights, as set forth in subparagraphs (1) through (3) above.

IT IS FURTHER ORDERED that, pursuant to 17 U.S.C. § 504(c), Plaintiffs' request for statutory damages under the Copyright Act is granted, and Plaintiffs are awarded statutory damages against Defendants for their willful infringement as follows:

| Defendant(s) | Plaintiff(s) | Number of Works | Total Damages |
|---|---|---|---|
| The Group 1 Defendants - Trung Kien Nguyen, Duy Anh Nguyen, Duong Thi Bay, Xuan Chinh Nguyen, Tuan Anh Nguyen, Vinh Ngoc Nguyen, Le Trang, Van Quynh Pham, Thi Lien Phuong Nguyen, Van Tuan Dang, Hien Vo Van, Quang Nguyen, Jessica Goldberg, Maxim Gubceac, Tracey Lum, Rodney Mouzone, and Zainee Jallal, jointly and severally | All Plaintiffs | 27 | $4,050,000 |
| The Group 2 Defendants - Luu Van Doan and Bui Hai Linh, jointly and severally | Cengage, Elsevier, Macmillan Learning | 4 | $200,000 |
| The Group 3 Defendants - Mohd Haniff Haslam, Rafan Waseef, and Sameer Yaman, jointly and severally | Macmillan Learning, Pearson | 3 | $225,000 |
| The Group 4 Defendants - Stefan Demeter, Shahbaz Haider, Erika Demeterova, and Rostislav Zhuravskiy, jointly and severally | Macmillan Learning | 1 | $100,000 |

| Defendant(s) | Plaintiff(s) | Number of Works | Total Damages |
|---|---|---|---|
| The Group 5 Defendants - Susan Ragon, Waleska Camacho, Anjum Akhter, and Haseeb Anjum, jointly and severally | Pearson | 2 | $200,000 |
| Refat Hamouda | Elsevier | 1 | $50,000 |
| Muhd Izhan Khairul | Macmillan Learning | 1 | $75,000 |
| Vu Xuan Truong | Cengage, McGraw Hill, Macmillan Learning | 3 | $225,000 |
| Binh Nguyen | Macmillan Learning | 1 | $50,000 |
| Mohd Ali Kamil | Elsevier | 2 | $100,000 |
| Do Thanh Duy | Cengage, Elsevier, McGraw Hill | 4 | $300,000 |
| Adam Harold | Elsevier | 1 | $50,000 |
| Mohamed Sabek | Elsevier | 1 | $50,000 |
| Abdul Rahim Mohsin | Cengage | 1 | $50,000 |
| Cris Austin | McGraw Hill | 1 | $75,000 |
| Wasri Wamin | McGraw Hill | 1 | $50,000 |
| TOTAL | | | $5,850,000 |

IT IS FURTHER ORDERED that, in accordance with the Federal Rule of Civil Procedure 69(a) and N.Y. C.P.L.R. § 5222(b), Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them, and any financial institutions, i.e., banks, payment processing companies, savings and loan associations, credit card companies, credit card processing agencies, merchant acquiring banks, or other companies or agencies that engage in the processing or transfer of money and/or other assets ("Financial Institutions"), who receive actual notice of this Order, must immediately cease transferring, withdrawing, or otherwise disposing of any money or other assets in accounts holding or receiving money or other assets of Defendants, or in which Defendants have an interest, including but not limited to those accounts specified on Appendices D, E, and F hereto ("Defendants' Accounts"), or allowing such money or other assets in Defendants' Accounts to be transferred, withdrawn, or otherwise disposed of, until such time as they have been released to Plaintiffs as set forth below

7

or the judgment as to a particular Defendant or Defendant Group has been fully satisfied.

IT IS FURTHER ORDERED that the stay to enforce a judgment imposed by Federal Rule of Civil Procedure 62(a) is hereby dissolved, and Plaintiffs may immediately enforce the judgment set forth herein.

IT IS FURTHER ORDERED that in accordance with the Federal Rules of Civil Procedure and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, Financial Institutions holding currently restrained assets in Defendants' Accounts shall release such assets to Plaintiffs in full or partial satisfaction of the damages award set forth herein within ten (10) business days following actual notice of this Order.

IT IS FURTHER ORDERED that Defendants shall deliver to Plaintiffs for destruction all electronic copies of Plaintiffs' textbooks or other copyrighted works, or derivative works thereof, that Defendants have in their possession, custody, or control, and all devices by means of which such copies have been created, pursuant to 17 U.S.C. § 503.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over the parties and the subject matter of this litigation for the purpose of interpretation and enforcement of this Permanent Injunction, including any subsequent motions seeking the transfer of Defendants' domain names to Plaintiffs.

FINAL JUDGMENT is hereby entered in favor of Plaintiffs against Defendants Trung Kien Nguyen, Duy Anh Nguyen, Duong Thi Bay, Xuan Chinh Nguyen, Tuan Anh Nguyen, Vinh Ngoc Nguyen, Le Trang, Van Quynh Pham, Thi Lien Phuong Nguyen, Van Tuan Dang, Hien Vo Van, Quang Nguyen, Jessica Goldberg, Maxim Gubceac, Tracey Lum, Rodney Mouzone, Zainee Jallal, Luu Van Doan, Bui Hai Linh, Mohd Haniff Haslam, Rafan Waseef, Sameer Yaman, Stefan Demeter, Shahbaz Haider, Erika Demeterova, Rostislav Zhuravskiy, Susan Ragon, Waleska

Camacho, Anjum Akhter, Haseeb Anjum, Muhd Izhan Khairul, Vu Xuan Truong, Binh Nguyen, Mohd Ali Kamil, Adam Harold, Abdul Rahim Mohsin, Refat Hamouda, Mohamed Sabek, Do Thanh Duy, Cris Austin, and Wasri Wamin in the total amount of $5,850,000, as described above, plus post-judgment interest calculated at the rate set forth in 28 U.S.C. § 1961.

SO ORDERED.

Dated: New York, New York
       6/28, 2021

_____
John G. Koeltl
United States District Judge